**Jane A. CARR, Plaintiff,**

v.

**Patrick F. COOMEY, Defendant.**

**Civ. A. No. 77–3468–C.**

United States District Court,
D. Massachusetts.

July 14, 1978.

Frank S. Ganak, Boston, Mass., for plaintiff.

Charles K. Mone, Asst. U. S. Atty., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action for judicial review and injunctive relief brought pursuant to 5 U.S.C.A. §§ 704, 705, 706 and for declaratory relief pursuant to 28 U.S.C.A. § 2201. Plaintiff, a non-resident alien, alleges that she entered the United States on January 18, 1974 on the basis of a visitor's visa, and on January 31, 1974 she married James F. Carr, an American citizen. Plaintiff further alleges that on April 29, 1975 she appeared at the Boston office of the Immigration and Naturalization Service for a hearing of a Form I–130 petition filed by James Carr. Plaintiff and James Carr were represented by counsel at that hearing. The complaint filed herein makes very serious allegations of misconduct against the officer who conducted and terminated the hearing.

The certified administrative file contains no transcript of the testimony or other summary of that hearing. It reveals, however, that on the date of the hearing the hearing officer filed a decision which stated " . . . It is ordered that your petition to classify status of James Carr as an immediate relative be denied. . . . " The issue which was to be resolved at that hearing was the *bona fides vel non* of the marriage between James F. and Jane A. Carr. Allegedly, the officer, *inter alia,* denied James Carr the opportunity to introduce much of his evidence concerning the validity of the marriage between him and the plaintiff. To the extent that the Secretary claims his decision should be affirmed because it is neither arbitrary nor capricious nor unsupported by substantial evidence on the administrative record reviewed as a whole, the Court is presented with an unsolvable problem. The so-called certified administrative record of the Immigration and Naturalization Service is so incomplete as to establish nothing. Consequently, the matter is remanded to the Secretary for a new hearing into the *bona fides* of plaintiff's marriage to James Carr. The Secretary is directed to have that hearing conducted by a different hearing officer. The Secretary is ordered to make a transcript of the testimony taken at said hearing. Pending the completion of a full hearing, the filing of a new decision by the hearing officer, and the exhaustion of any appeals therefrom, the Secretary should be enjoined from deporting plaintiff or otherwise ordering or causing her voluntary departure from the United States.

Order accordingly.